JULIAN R. WOODRUM, DENNIS DORSEY, and SHERMAN JOHNSON, PLAINTIFFS, *v.* RAYMOND J. DONOVAN, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, DEFENDANT

Court No. 80-12-00105

Before RE, *Chief Judge.*

---

(Dated September 17, 1982)

Adler & Baker, for the plaintiffs, by *Robert S. Baker, Esq.*, of counsel
*J. Paul McGrath*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch; *Sheila N. Ziff*, for defendant.

RE, *Chief Judge:* Defendant moves for a rehearing of this court's decision in *Woodrum* v. *Donovan*, 4 CIT 46, (1982). For the reasons which follow, defendant's motion is denied.

In *Woodrum*, this court was called upon to review a determination by the Secretary of Labor that plaintiffs, former employees of a new car dealership, were not eligible for trade adjustment assistance benefits. See Trade Act of 1974, Pub. L. No. 93–618, 19 U.S.C. §§ 2271–2321 (1976). The court remanded for further administrative proceedings, holding that the Secretary had violated the procedural requirements of the act by rejecting plaintiffs' petition without conducting an investigation, or affording plaintiffs an opportunity to request a hearing.

The court found that the procedural errors committed by the Secretary had the effect of excluding from the administrative record facts which were relevant to plaintiffs' contention that they were employed by a firm which "produced" import-sensitive articles, a condition which must be met in order for plaintiffs to be eligible for trade adjustment benefits. The Secretary's failure to follow the procedural directives of the act thus prejudiced the rights of plaintiffs. The court, therefore, remanded the matter to the Secretary with instructions to conduct a factual inquiry into plaintiffs' allegation that Capital Chrysler Plymouth of Montgomery, Inc., of Montgomery, West Virginia, "produced" automobiles.

Defendant, in its motion for rehearing, admits that procedural errors were committed, but contends that there is no need for a factual inquiry at the administrative level. Rather, defendant urges the court to hold, as a matter of law, that under the terms of the Trade Act of 1974 only one firm can be deemed the producer of a single import-sensitive article. Applying its interpretation of the law to the circumstances of this case, defendant asks the court to take judicial notice of the fact that the Chrysler Corporation produced the automobiles sold by Capital Chrysler Plymouth, thereby excluding Capital Chrysler Plymouth from being considered a producer of automobiles.

Plaintiffs, however, seek the opportunity to prove that the process of producing new Chrysler automobiles did not end until certain tasks were performed by the employees of Capital Chrysler Plymouth. In view of this assertion by plaintiffs, the court can not rule, as a matter of law, that only one firm can be designated as a producer of an import-sensitive article. Due process requires that plaintiffs be permitted to prove their allegations. Since this oppor-

tunity can only be given at the administrative level, the matter must be remanded.

The motion for rehearing is denied.